## (June 26, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN DRAKE, Appellant.—Judgment, Supreme Court, Bronx County, rendered on November 20, 1974 (resentence), convicting defendant, upon his plea of guilty, of attempted robbery in the third degree and attempted assault in the second degree, and sentencing him to an indeterminate term of imprisonment with a maximum of three years, unanimously reversed, on the law, insofar as it imposes sentence, the case remanded for resentencing, and otherwise affirmed. Although the court properly vacated the illegal sentences previously imposed, it then failed to pronounce sentence on each count, as required by statute. (CPL 380.20.) Concur—Markewich, J. P., Kupferman, Murphy, Capozzoli and Lynch, JJ.

■ JOAN GARRITY, Respondent, v LYLE STUART, INC., Appellant.—Judgment, Supreme Court, New York County, entered on February 18, 1975, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur—Kupferman, J. P., Murphy, Tilzer and Lane, JJ.; Capozzoli, J., dissents in the following memorandum: Capozzoli, J. (dissenting). I doubt very much that, when the contract was entered into between these parties, either of them had any thought that the arbitrators would be authorized to punish either party for a breach of the contract in any way, other than to award such damages as reasonably flow directly from a breach. I believe that the sound approach to the question presented in this record is to hold that, since the arbitration agreement in question makes no provision for punitive damages and since no such provision can logically be read into the terms thereof by implication, the arbitrators exceeded their power where they nevertheless made an award of punitive damages. (CPLR 7511, subd [b], par [iii]; *Matter of Publishers' Assn. [Newspaper Union],* 280 App Div 500.) Concur—Kupferman, J. P., Murphy, Tilzer and Lane, JJ.